60      Fraatz *v.* Garrison *et al.*      [Sept. T.

Opinion of the Court.

Charles Fraatz

*v.*

Andrew Garrison *et al.*

Attorney—*right to fee.* Where an attorney at law agrees to prosecute a suit or claim for one-half of whatever judgment is recovered, if no judgment is recovered he will be entitled to no compensation, when the failure to recover is not the fault of the client.

Appeal from the Circuit Court of Cook county; the Hon. Lambert Tree, Judge, presiding.

Messrs. Willett & Herring, for the appellant.

Mr. Justice Craig delivered the opinion of the Court:

This action was brought by appellees to recover for professional services rendered appellant, who had been indicted in Cook county for larceny.

The plaintiffs seek to recover upon a *quantum meruit*, claiming that no contract was made as to the amount the defendant should pay for the services, while, on the other hand, the defendant claims that the plaintiffs agreed to defend him on the indictments for the sum of $50.

Upon a trial of the cause, the plaintiffs recovered a judgment for $810. The evidence upon which this recovery was had we have carefully considered, and, in our opinion, it is entirely insufficient to sustain the judgment. Even on the theory contended for by the plaintiffs, that no special contract was

made, the amount of the recovery is much larger than can be sustained upon the evidence.

It appears that five or six indictments were found by the grand jury against the defendant and his son, Charles Fraatz, for larceny. But two cases were, however, tried; one for stealing cows from Mynck, the other for stealing cows from Hancock. The other indictments were dismissed by the State's Attorney.

The two cases that were tried occupied a day and a half each in the circuit court. In addition to this labor, the plaintiffs appeared before the magistrate on preliminary examination, and also instituted a civil suit for damages against Mynck, which was never tried. This is, substantially, the service rendered, which one of the plaintiffs testified was worth the modest sum of $1450, and for which a judgment of $810 was recovered.

As to the civil suit, no recovery can be had for services rendered, as the proof is clear and uncontradicted that the plaintiffs agreed to prosecute the case for one-half of whatever judgment might be recovered. As no judgment was ever recovered, of course the plaintiffs are entitled to no compensation.

It is true, the plaintiffs claim that the defendant abandoned the case, but, as we read the evidence, the reason a trial was not had was on account of the neglect of appellees to be present and attend to the case when it was called for trial. The only remaining services to be considered were those rendered in the criminal cases, and the most of the labor therein performed was in defending the two causes which were tried. The plaintiffs, in their evidence, estimate the value of their services in the two cases at $1000. To establish the fact that such a charge is unreasonable, it will only be necessary to refer to the evidence of Augustus VanBuren, a lawyer in active practice in Chicago, who assisted in the trial of the defendant in the circuit court. He says he received for his services $100, and regarded that as a reasonable fee.

Mr. VanBuren was not employed on the eve of trial, merely to assist, but was engaged some time before the cases were tried, assisted about furnishing bail for the defendants, and, no doubt,

did quite as much in the way of preparing the causes for trial as did appellees. But, independent of the excessive character of the charges, the appellant testified that the plaintiffs agreed, when they were employed, to defend him for the sum of $50, which he paid before the trial; and in this he is corroborated by his brother, a witness entirely disinterested, and also by his son, who were present and heard the contract, and saw the money paid.

As to the services rendered for appellant's son, he was twenty-four or five years old, and the evidence tends to show he employed Garrison himself, and has paid him therefor $40. It is true, all this is denied by Garrison, but the evidence, when all considered, preponderates so clearly in favor of appellant that we are led to believe the merits of the case were not properly apprehended by the jury, and justice demands that another trial should be had.

The judgment will therefore be reversed, and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE DICKEY: The evidence was contradictory, and, so far as I can see, fairly considered in the court below. I therefore think the judgment should be affirmed.